UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT TAYLOR BROWN,

                    Plaintiff,                    Case No. 1:25-cv-556

v.                                                Honorable Sally J. Berens

UNKNOWN MARTINO et al.,

                    Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 12.)

Plaintiff originally filed this action in the United States District Court for the Eastern District of Michigan, and before transferring the action to this Court (ECF No. 9), the Eastern District of Michigan granted Plaintiff leave to proceed *in forma pauperis* (ECF No. 7) and partially dismissed Plaintiff's complaint (ECF No. 8.)

This case is presently before this Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under

the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual Allegations and Relevant Procedural History

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility, the Charles Egeler Reception & Guidance Center (RGC) in Jackson, Jackson County, Michigan, and the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. In his complaint, Plaintiff sues Administrative Law

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Judge Unknown Martino, RGC Sergeant Unknown Breedlove, ARF Prison Counselor B. Porter, and the following IBC staff: Sergeant Unknown Stump, Corrections Officer Unknown Mendez, Corrections Officer Unknown Peppers, Grievance Coordinator N. Brooke, Corrections Officer Unknown Madox, Corrections Officer Unknown Mexmitt, Corrections Officer Neimick, Corrections Officer Unknown Dora, Assistant Deputy Warden B. Hadden, Residential Unit Manager J. Buchin, Prison Counselor K. Chevette, Hearing Investigator B. Novax, Sergeant Unknown Armstrong, Corrections Officer Unknown Ashman, Prison Counselor Unknown Houghton, Corrections Officer Unknown Birdsley, Lieutenant Unknown Remeriez, Corrections Officer Unknown Berno, Sergeant Unknown Arrendondo, and Corrections Officer Unknown Gillespie.

In the Eastern District of Michigan's opinion and order partially dismissing Plaintiff's complaint, the Eastern District of Michigan dismissed Defendants Martino, Hadden, Buchin, Chevette, Porter, Arrendondo, and Breedlove due to judicial immunity, for failure to state a claim, and/or due to misjoinder. (*See* ECF No. 8, PageID.43–49.) The Eastern District of Michigan also dismissed Plaintiff's official capacity claims against the remaining Defendants. (*See id*, PageID.40, 50.) The Eastern District of Michigan then transferred the action to this Court, noting that "[the Eastern District of Michigan] ma[d]e no determination as to the merits of Brown's claims against the remaining defendants." (ECF No. 9, PageID.52.) This action proceeds against the following IBC Defendants in their individual capacities: Defendants Stump, Mendez, Peppers, Brooke, Madox, Mexmitt, Neimick, Dora, Novax, Armstrong, Ashman, Houghton, Birdsley, Remeriez, Berno, and Gillespie.

As relevant to Plaintiff's claims against the remaining Defendants, Plaintiff alleges that on June 26, 2024, at IBC, Defendant Stump "violated [Plaintiff's] due process according to [MDOC

Policy Directive] 04.06.156."[2] (Compl., ECF No. 1, PageID.12.)[3] Plaintiff states that "this was a violation neglecting [his] hearing impaired defense." (*Id.*)

Next, Plaintiff alleges that on August 5, 2024, Defendant Dora "falsified documentation" and "violated [Plaintiff's] due process, depriving [Plaintiff] of telephone usage, which contradicts [MDOC] Policy Directive 05.03.130 [regarding] prisoner telephone use." (*Id.*) Plaintiff claims that "this was also a First Amend[ment] violation because [Plaintiff] was retaliated against by her co-workers for the same exact violations: [Defendant] Mexmitt on 8/6/24 [and Defendant] Neimick on 9/3/24." (*Id.*) Further, Plaintiff claims that "these 3 prison officials are liable for cruel [and] unusual punishment by violating policies [and] targeting [Plaintiff] to what [he is] entitled to under [MDOC Policy Directive] 03.03.105(SSS)."[4] (*Id.* (phrasing in original retained).)

---

[2] MDOC Policy Directive 04.06.156 sets forth policies and procedures related to "hard of hearing or deaf prisoners." MDOC Policy Directive 04.06.156 (eff. May 1, 2021).

[3] In this opinion, the Court corrects the spelling, capitalization, and punctuation in quotations from Plaintiff's complaint.

[4] MDOC Policy Directive 03.03.105 sets forth policies and procedures regarding prisoner discipline in the MDOC. Subsection "SSS" of MDOC Policy Directive 03.03.105 (eff. June 17, 2024) addresses prisoners' "yard privileges while serving a sanction" and provides:

> A prisoner serving a sanction of detention, toplock, loss of privileges, or any combination of these sanctions, shall not be deprived of yard for more than 30 consecutive days without being provided a seven-day break during which the prisoner shall be given the opportunity for yard consistent with their status (i.e., one hour per day in general population; one hour per day, five days per week, in segregation). However, yard privileges for all segregation prisoners are subject to restriction by written order of the Warden or Deputy Warden as set forth in PD 04.05.120 "Segregation Standards." The ARUS/Prison Counselor shall enter all seven-day break periods into the Department's computerized database (e.g., OMNI). Prisoners on a seven-day sanction break shall be permitted telephone use during yard periods unless they are on a telephone restriction as set forth in PD 05.03.130 "Prisoner Telephone Use."

MDOC Policy Directive 03.03.105 (eff. June 17, 2024).

In September of 2024, Defendant Brooke, the grievance coordinator at IBC, denied Plaintiff "access to courts" "by placing Plaintiff on modified [grievance] access," which Plaintiff claims "depriv[es] a prisoner from exhausting his [administrative] remedies under the . . . PLRA." (*Id.*)

On October 5, 2024, Plaintiff Defendant Ashman "falsified documentation [and] violated [Plaintiff's] due process under 03.03.105 [and] 04.06.156." (*Id.*)

On October 11, 2024, "while [Plaintiff was] waiting for a misconduct hearing," Plaintiff claims that Defendants Gillespie, Madox, Peppers, Mendez, and Berno violated Plaintiff's "con[stitutional] rights as well as [Plaintiff's] prisoner rights by depriving [Plaintiff] of yard while on sanction break." (*Id.*) Plaintiff alleges that these Defendants "are all liable for cruel [and] unusual punishment, [and] due process," and that these Defendants "have retaliated against [Plaintiff] trying to cover for the corruption of Ashman [and Sergeant] Arrendondo."[5] (*Id.*, PageID.12–13) (phrasing in original retained).)

Additionally, on October 11, 2024, Defendant Armstrong violated Plaintiff's "due process [and] hearing impaired rights according to policies 03.03.105 [and] 04.06.156." (*Id.*, PageID.13.)

Further, Plaintiff alleges that from October 5, 2024, to October 15, 2024, Defendants Birdsley and Houghton "are liable for inhumane treatment for depriving prisoners of shower hygiene [and] no laundry for a full week." (*Id.*)

Finally, Plaintiff claims that on October 18, 2024, Defendants Novax and Remeriez "falsified documentation [and] violated [Plaintiff's] due process rights [and] retaliated against

---

[5] Before transferring this action to this Court, the Eastern District of Michigan dismissed Defendant Arrendondo from this suit. (ECF No. 8.) As to Plaintiff's allegations against Defendant Arrendondo, Plaintiff claimed that Arrendondo was "liable for the same violation as [Defendant] Ashman." (Compl., ECF No. 1, PageID.12.)

[Plaintiff] by enforcing more sanction[s] on [Plaintiff] when [he] was not properly reviewed." (*Id.*, PageID.14.)

Based on the foregoing allegations, Plaintiff avers that he is bringing the following claims: "retaliation, cruel [and] unusual punishment, due process, denied access to courts, falsifying documentation, perjury,[6] inhumane treatment, numerous admin[istrative] policy directives, . . . [and] intentional infliction of emotional distress." (*Id.*, PageID.13.) Additionally, Plaintiff states that his "12 claims" show "the corruption ongoing . . . at IBC" and that "officials are clearly retaliating against [him]." (*Id.*, PageID.14.) As relief, Plaintiff seeks monetary damages. (*Id.*, PageID.13, 16.) Plaintiff also states that "[he] plan[s] on having each official convicted for felony acts." (*Id.*, PageID.16.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a

---

[6] As to Plaintiff's perjury claims, Plaintiff alleged that Defendant Martino, an administrative law judge, "committed perjury;" however, the Eastern District of Michigan dismissed Defendant Martino from this suit, and as such, no perjury claims remain in the case. (Compl., ECF No. 1, PageID.13); (ECF No. 8.)

"'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Conclusory Allegations

As an initial matter, Plaintiff's allegations against the remaining IBC Defendants are entirely conclusory and lack supporting facts. (*See generally* Compl., ECF No. 1.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Here, throughout Plaintiff's complaint, he references that Defendants violated various constitutional amendments; however, although Plaintiff uses phrases such as "due process," "cruel and unusual punishment," and "retaliation," he fails to allege *facts* about how Defendants violated his constitutional rights. Under these circumstances, Plaintiff's complaint is subject to dismissal for failure to state a claim on this basis alone. Furthermore, for the reasons set forth below, even considering the merits of Plaintiff's claims, he fails to state any claim upon which relief may be granted.

### B.    Defendants Stump, Ashman, and Armstrong

As to Defendant Stump, Plaintiff alleges that on June 26, 2024, at IBC, Defendant Stump "violated [Plaintiff's] due process according to [MDOC Policy Directive] 04.06.156." (Compl., ECF No. 1, PageID.12.) Plaintiff states that "this was a violation neglecting [his] hearing impaired defense." (*Id.*) As to Defendant Ashman, Plaintiff alleges that on October 5, 2024, Defendant Ashman "falsified documentation [and] violated [Plaintiff's] due process under 03.03.105 [and] 04.06.156." (*Id.*) Finally, as to Defendant Armstrong, Plaintiff alleges that Defendant Armstrong violated Plaintiff's "due process [and] hearing impaired rights according to policies 03.03.105 [and] 04.06.156" on October 11, 2024. (*Id.*, PageID.13.) Plaintiff provides no further allegations regarding the actions of these Defendants. The Court construes Plaintiff's complaint to raise Fourteenth Amendment procedural due process claims against Defendants Stump, Ashman, and Armstrong and a substantive due process claim against Defendant Ashman.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To state a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or

property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

The United States Supreme Court has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, the Supreme Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. 515 U.S. 472, 484 (1995). According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995). Without a protected liberty interest, a plaintiff cannot successfully claim that his due process rights were violated because "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

Here, although Plaintiff references "due process," he fails to allege any facts or to provide any explanation or context for his claims against Defendants Stump, Ashman, and Armstrong. When setting forth his scant allegations against these Defendants, Plaintiff references MDOC Policy Directive 04.06.156, which sets forth policies and procedures related to "hard of hearing or deaf prisoners," and MDOC Policy Directive 03.03.105, which sets forth policies and procedures regarding prisoner discipline in the MDOC. MDOC Policy Directive 04.06.156 (eff. May 1, 2021); MDOC Policy Directive 03.03.105 (eff. June 17, 2024). However, Plaintiff alleges no facts about what specific actions Defendants took, or did not take, as related to these policies. Without any

facts about the specific actions of Defendants, Plaintiff necessarily fails to state any claims against them.

Moreover, although not articulated by Plaintiff, to the extent that his due process claims arise from any prison misconduct charges and convictions, or hearings related to those prison misconduct charges, as set forth in *Sandin*, prison misconduct proceedings only implicate a prisoner's liberty interests when the resulting sanction "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486–87. Plaintiff alleges no facts to suggest that any sanctions that he received fall into either of these categories. Thus, to the extent intended, Plaintiff fails to state a procedural due process claim regarding any misconduct convictions and related hearings.

Furthermore, claims under Section 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertions that Defendants violated the MDOC's policies fail to state a claim under Section 1983.

Additionally, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure. *See Olim*, 461 U.S. at 250; *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th

Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001). Thus, Plaintiff's allegation

that Defendants violated prison policy fails to raise a cognizable federal claim.

Accordingly, for all of these reasons, Plaintiff's procedural due process claims against

Defendants Stump, Ashman, and Armstrong will be dismissed for failure to state a claim. Plaintiff

presents no other claims against Defendants Stump and Armstrong. Therefore, Defendants Stump

and Armstrong will be dismissed from this action.

As to any intended substantive due process claim against Defendant Ashman,

"[s]ubstantive due process . . . serves the goal of preventing governmental power from being used

for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga*

*Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v.*

*Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents

the government from engaging in conduct that shocks the conscience or interferes with rights

implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir.

2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the

conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573,

589 (6th Cir. 2014) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

Without providing any context or additional explanation, Plaintiff claims that on October

5, 2024, Defendant Ashman "falsified documentation [and] violated [Plaintiff's] due process under

03.03.105 [and] 04.06.156." (Compl., ECF No. 1, PageID.12.) Although Plaintiff alleges in a

conclusory manner that Defendant Ashman "falsified documentation," Plaintiff alleges no facts to

support this conclusory assertion. Under these circumstances, the facts alleged in the complaint

fall short of showing the sort of egregious conduct that would support a substantive due process

claim. *Cf. Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988) (holding that framing an inmate by

planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power"), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc). Accordingly, any intended Fourteenth Amendment substantive due process claim against Defendant Ashman will be dismissed for failure to state a claim. Plaintiff presents no other claims against Defendant Ashman, and as such, Defendant Ashman will be dismissed.

### C.    Defendants Dora, Mexmitt, and Neimick

With respect to Defendant Dora, Plaintiff alleges that on August 5, 2024, Defendant Dora "falsified documentation" and "violated [Plaintiff's] due process, depriving [Plaintiff] of telephone usage, which contradicts [MDOC] Policy Directive 05.03.130 [regarding] prisoner telephone use." (Compl., ECF No. 1, PageID.12.) Plaintiff claims that "this was also a First Amend[ment] violation because [Plaintiff] was retaliated against by her co-workers for the same exact violations: [Defendant] Mexmitt on 8/6/24 [and Defendant] Neimick on 9/3/24." (*Id.*) Further, Plaintiff claims that "these 3 prison officials are liable for cruel [and] unusual punishment by violating policies [and] targeting [Plaintiff] to what [he is] entitled to under [MDOC Policy Directive] 03.03.105(SSS)." (*Id.* (phrasing in original retained).)

First, as to Plaintiff's due process claims against Defendant Dora, for the same reasons that Plaintiff's procedural due process and substantive due process claims against Defendants Stump, Ashman, and Armstrong fail to state a claim, Plaintiff fails to state procedural due process and substantive due process claims against Defendant Dora. *See above* Section II.B. Although Plaintiff alleges that Defendant Dora "violated [Plaintiff's] due process, depriving [Plaintiff] of telephone usage, which contradicts [MDOC] Policy Directive 05.03.130 [regarding] prisoner telephone use" (Compl., ECF No. 1, PageID.12), as noted above, Plaintiff's assertion that Defendant Dora violated prison policy fails to raise a cognizable federal claim. Further, Plaintiff's vague reference

to being deprived of telephone usage for an unspecified period of time and without any other supporting facts is insufficient to state any claim. *See, e.g.*, *Middlebrook v. Perttu*, No. 2:23-cv-215, 2023 WL 8230376, at *7 (W.D. Mich. Nov. 28, 2023) (concluding that the plaintiff failed to state a Fourteenth Amendment due process claim regarding his inability to "access the phones as freely as he would like" (citations omitted)); *Allen v. Alexsander*, No. 2:16-cv-245, 2017 WL 2952929, at *5 (W.D. Mich. July 11, 2017) (holding that "a 90 day phone restriction" did not "violate Plaintiff's right to procedural due process").

Next, as to Plaintiff's First Amendment retaliation claims against Defendants Dora, Mexmitt, and Neimick, as explained below, Plaintiff fails to state First Amendment retaliation claims against these Defendants. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X*, 175 F.3d at 394. In order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff's retaliation claims are entirely conclusory. As an initial matter, Plaintiff fails to allege that he engaged in any protected conduct. Plaintiff also fails to allege or explain specifically what alleged adverse actions Defendants Dora, Mexmitt, and Neimick took against him. Such "conclusory allegations of retaliatory motive 'unsupported by material facts'" do not state a claim under Section 1983. *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (citation

14

omitted); *see Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (holding that in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial" (internal quotation marks omitted)).

Finally, Plaintiff alleges that "these 3 prison officials are liable for cruel [and] unusual punishment by violating policies [and] targeting [Plaintiff] to what [he is] entitled to under [MDOC Policy Directive] 03.03.105(SSS)." (Compl., ECF No. 1, PageID.12 (phrasing in original retained).) Based on Plaintiff's reference to "cruel [and] unusual punishment," it appears that Plaintiff intended to raise an Eighth Amendment claim against Defendants Dora, Mexmitt, and Neimick.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348 (citation omitted). In order for a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). Allegations about temporary inconveniences do not show that the conditions of confinement fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.

15

2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)).

Here, Plaintiff fails to provide any context or facts to support his Eighth Amendment claims against Defendants Dora, Mexmitt, and Neimick. Plaintiff references alleged violations of "[MDOC Policy Directive] 03.03.105(SSS)," which addresses prisoners' "yard privileges" and related privileges, such as telephone usage, "while serving a sanction." *See* MDOC Policy Directive 03.03.105 (eff. June 17, 2024). To the extent that Plaintiff intended to allege that Defendants Dora, Mexmitt, and Neimick violated his Eighth Amendment rights by denying him yard time or telephone use during yard time, Plaintiff alleges no facts about the duration of the deprivations. Under these circumstances, Plaintiff fails to allege any facts to suggest that the deprivations were anything other than temporary inconveniences, which are insufficient to state an Eighth Amendment claim. *See Dellis*, 257 F.3d at 511. And Plaintiff does not allege that he was unable to exercise indoors, that he suffered any ill effects from any limitations on yard privileges, or that he was unable to communicate with others in another manner.

Accordingly, for all of these reasons, Plaintiff fails to state any claim against Defendants Dora, Mexmitt, and Neimick, and these Defendants and Plaintiff's claims against them will be dismissed.

### D.    Defendant Brooke

Plaintiff alleges that in September of 2024, Defendant Brooke, the grievance coordinator at IBC, denied Plaintiff "access to courts" "by placing Plaintiff on modified [grievance] access," which Plaintiff claims "depriv[es] a prisoner from exhausting his [administrative] remedies under the . . . PLRA." (Compl., ECF No. 1, PageID.12.)

It is clearly established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison officials have a two-fold duty to protect a prisoner's right of access to the courts. *McFarland v. Luttrell*, No. 94-6231, 1995 WL 150511, at *3 (6th Cir. Apr. 5, 1995). First, they must provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights, in particular criminal and habeas corpus cases, as well as other civil rights actions relating to the prisoner's incarceration. *Id.* (citing *Bounds*, 430 U.S. at 824–28). Second, the right of access to the courts prohibits prison officials from erecting any barriers that may impede the inmate's accessibility to the courts. *Id.* (citing *Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992)); *see also Bounds*, 430 U.S. at 822 (citing *Ex parte Hull*, 312 U.S. 546, 549 (1941)).

However, the First Amendment "right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Minnesota State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (holding the right to petition protects only the right to address government; the government may refuse to listen or respond). Defendant Brooke's actions did not bar Plaintiff from accessing the courts. "A prisoner's constitutional right to assert grievances typically is not violated when prison officials prohibit only 'one of several ways in which inmates may voice their complaints to, and seek relief, from prison officials' while leaving a formal grievance procedure intact." *Griffin v. Berghuis*, 563 F. App'x 411, 415–16 (6th Cir. 2014) (citing *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 130 n.6 (1977)). Indeed, Plaintiff's ability to seek redress is underscored by his *pro se* invocation of the judicial process. *See Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).

Plaintiff indicates that he was placed on modified grievance access at IBC. However, even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. *Cf. Ross v. Blake*, 578 U.S. 632, 640–44 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required).

Moreover, various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And Michigan law does not create a liberty interest in the grievance procedure. *See Olim*, 461 U.S. at 249; *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the grievance process, any alleged interference with Plaintiff's use of the grievance procedure did not deprive Plaintiff of due process.

Accordingly, for all of these reasons, Defendant Brooke and all intended claims against Defendant Brooke will be dismissed for failure to state a claim.

### E.    Defendants Gillespie, Madox, Peppers, Mendez, and Berno

As to Defendants Gillespie, Madox, Peppers, Mendez, and Berno, Plaintiff claims that on October 11, 2024, "while [Plaintiff was] waiting for a misconduct hearing," Defendants Gillespie, Madox, Peppers, Mendez, and Berno violated Plaintiff's "con[stitutional] rights as well as [Plaintiff's] prisoner rights by depriving [Plaintiff] of yard while on sanction break." (Compl., ECF No. 1, PageID.12.) Plaintiff alleges that these Defendants "are all liable for cruel [and] unusual

punishment, [and] due process," and that these Defendants "have retaliated against [Plaintiff] trying to cover for the corruption of Ashman [and Sergeant] Arrendondo." (*Id.*, PageID.12–13.) (phrasing in original retained).)

For the same reasons that Plaintiff's procedural due process and substantive due process claims against Defendants Stump, Ashman, and Armstrong fail to state a claim, Plaintiff fails to state procedural due process and substantive due process claims against Defendants Gillespie, Madox, Peppers, Mendez, and Berno. *See above* Section II.B. And as noted above, Plaintiff's assertion that Defendants violated prison policy, which Plaintiff describes as his "prisoner rights," fails to raise a cognizable federal claim. Further, Plaintiff's vague reference to being deprived of yard time for an unspecified period of time without any additional supporting facts is insufficient to state any claim. *See, e.g.*, *Knight v. Armontrout*, 878 F.2d 1093, 1096 (8th Cir. 1989) (discussing that "[d]enial of recreation for a short period, per se, is not a constitutional violation" (citation omitted)); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988) (concluding that there was no Eighth Amendment violation when the plaintiff was held in segregation without outdoor exercise for 28 days).

Finally, as to Plaintiff's First Amendment retaliation claims against Defendants Gillespie, Madox, Peppers, Mendez, and Berno, Plaintiff's retaliation claims are entirely conclusory. Plaintiff fails to allege any facts to suggest that he engaged in any protected conduct before Defendants took any alleged adverse actions against him. Therefore, for the same reasons that Plaintiff's conclusory retaliation claims against Defendants Dora, Mexmitt, and Neimick fail to state a claim, Plaintiff's conclusory retaliation claims against Defendants Gillespie, Madox, Peppers, Mendez, and Berno fail to state a claim. *See above* Section II.C.

For all of these reasons, Plaintiff fails to state any claim against Defendants Gillespie, Madox, Peppers, Mendez, and Berno, and these Defendants and Plaintiff's claims against them will be dismissed.

### F.    Defendants Birdsley and Houghton

Plaintiff alleges that from October 5, 2024, to October 15, 2024, Defendants Birdsley and Houghton "are liable for inhumane treatment for depriving prisoners of shower hygiene [and] no laundry for a full week." (Compl., ECF No. 1, PageID.13.)

As an initial matter, it is not at all clear that Plaintiff was one of the prisoners who was denied "shower hygiene" and "laundry." (*Id.*) "In the Sixth Circuit, a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citations omitted); *see Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010); *Barber v. Overton*, 496 F.3d 449, 457–58 (6th Cir. 2007). Furthermore, federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). The statute clearly makes no provision for a *pro se* party to represent others. Therefore, to the extent that Plaintiff intended to bring claims against Defendants Birdsley and Houghton on behalf of other prisoners, Plaintiff may not do so.

Moreover, to the extent that Plaintiff himself was one of the prisoners denied "shower hygiene" and laundry for approximately a week, as explained below, Plaintiff fails to state an Eighth Amendment claim against Defendants Birdsley and Houghton. *Cf. above* Section II.C (setting forth the standard for Eighth Amendment conditions of confinement claims).

As relevant to Plaintiff's present Eighth Amendment claim, courts have found that the denial of clean laundry and showers for limited periods of time, such as an approximately one-week period, does not implicate the Eighth Amendment. *See Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000) (concluding that the denial of showers and other personal hygiene items for six days was not actionable under the Eighth Amendment); *Metcalf v. Veita*, No. 97-1691, 1998 WL 476254, at *2 (6th Cir. Aug. 3, 1998) (finding that an eight-day denial of showers, trash removal, cleaning, and laundry did not result in serious pain or offend contemporary standards of decency under the Eighth Amendment); *Pena v. Brown*, No. 2:20-cv-250, 2021 WL 4350124, at *6–7 (W.D. Mich. Sept. 23, 2021) (concluding than a seven-day period in which the prisoner-plaintiff "was required to wash his soiled clothing in the cell sink" did not violate the Eighth Amendment). And Plaintiff does not alleges that he suffered any harm from the approximately week-long period in question. *Cf. Brown v. Timmerman-Cooper*, No. 2:10-cv-283, 2013 WL 430262, at *2 (S.D. Ohio Feb. 4, 2013) ("Generally, it is the case that, at least for purposes of a money damages claim, in order for any prison condition to be actionable under the Eighth Amendment, an inmate must show that he or she has been actually harmed by the condition in question." (citation omitted)), *R & R adopted*, No. 2:10-cv-283, 2013 WL 1344857 (S.D. Ohio Apr. 2, 2013).

Accordingly, for these reasons, Plaintiff fails to state any claim against Defendants Birdsley and Houghton, and these Defendants and Plaintiff's claims against them will be dismissed.

### G.    Defendants Novax and Remeriez

Plaintiff claims that on October 18, 2024, Defendants Novax and Remeriez "falsified documentation [and] violated [Plaintiff's] due process rights [and] retaliated against [Plaintiff] by

enforcing more sanction[s] on [Plaintiff] when [he] was not properly reviewed." (Compl., ECF No. 1, PageID.14.) Plaintiff alleges no other facts about these Defendants.

As to Plaintiff's due process claims against Defendants Novax and Remeriez, for the same reasons that Plaintiff's procedural due process and substantive due process claims against Defendants Stump, Ashman, and Armstrong fail to state a claim, Plaintiff fails to state procedural due process and substantive due process claims against Defendants Novax and Remeriez. *See above* Section II.B. Likewise, for the same reasons that Plaintiff's conclusory retaliation claims against Defendants Dora, Mexmitt, and Neimick fail to state a claim, Plaintiff's conclusory retaliation claims against Defendants Novax and Remeriez fail to state a claim. *See above* Section II.C.

Accordingly, for these reasons, Plaintiff fails to state any claim against Defendants Novax and Remeriez, and these Defendants and Plaintiff's claims against them will be dismissed.

### H.    Section 1983 Civil Conspiracy Claims

Although not specifically articulated in the complaint, to the extent that Plaintiff intended to raise Section 1983 civil conspiracy claims against Defendants, Plaintiff fails to state such a claim. A civil conspiracy under Section 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565-66 (recognizing that allegations of conspiracy must be supported by allegations of fact

that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Here, Plaintiff does not allege that any "agreement" or "plan" existed. (*See generally* Compl., ECF No. 1.) Instead, Plaintiff's allegations of conspiracy are wholly conclusory. Plaintiff's subjective belief and personal interpretation of the events, without supporting facts, are insufficient to show that Defendants engaged in a conspiracy. As the United States Supreme Court has held, such allegations, while hinting at a sheer "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556–57. Instead, the Supreme Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680 (citing *Twombly*, 550 U.S. at 567). Accordingly, because Plaintiff does not allege *facts* to show an agreement among Defendants, Plaintiff fails to state a plausible Section 1983 civil conspiracy claim.

## I.    State Law Claims

Plaintiff references alleged violations of state law. (*See, e.g.*, Compl., ECF No. 1, PageID.13 (referencing "intentional infliction of emotional distress").) As discussed above, Plaintiff's assertion that Defendants violated state law fails to state a claim under Section 1983. *See above* Section II.B.

Further, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however,

remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, Plaintiff's federal claims against Defendants will dismissed, and the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Therefore, Plaintiff's state law claims will be dismissed without prejudice.

<u>**Conclusion**</u>

Having conducted the review required by the PLRA, the Court determines that Plaintiff's federal claims will be dismissed without prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims also will be dismissed without prejudice. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:   August 25, 2025                     /s/ Sally J. Berens
                                             SALLY J. BERENS
                                             United States Magistrate Judge